**ORNDORFF, Sheriff, et al. v. EL PASO COUNTY et al.  (No. 1979.)**

Court of Civil Appeals of Texas. El Paso.
April 14, 1927.

Rehearing Denied May 19, 1927. .

Courts ⊙⟹91(2)—**Holding of Court of Civil Appeals, to which writ of error was refused, held binding until changed by Supreme Court.**

Holding of Court of Civil Appeals, to which writ of error was refused by Supreme Court, that sheriff's fees for commitment and release of federal prisoners, together with profits from their support and maintenance, are accountable as fees of office, *held* binding until changed by Supreme Court.

Error from District Court, El Paso County; P. R. Price, Judge.

Action by El Paso County and Miriam A. Ferguson, Governor of Texas, against Seth B. Orndorff, Sheriff of El Paso County, and others. Judgment for first named plaintiff and against second named plaintiff, and defendants bring error. Affirmed.

Lytton R. Taylor, R. F. Burges, and Whitaker & Peticolas, all of El Paso, for plaintiffs in error.

C. W. Croom and D. E. Mulcahy, Co. Atty., both of El Paso, for defendants in error.

WALTHALL, J.  This suit was instituted by El Paso county, Tex., and Miriam A. Ferguson, Governor of the state of Texas, against Seth B. Orndorff, sheriff of El Paso county, Tex., and Lee H. Orndorff, Charles De Groff, and H. P. Jackson, sureties upon his official bond, to recover of the defendant, Seth B. Orndorff, certain moneys alleged to have been received by him from the United States of America as turnkey fees for the commitment and discharge of certain prisoners committed to his charge by officers of the United States on behalf of the United States, and for other

sums of money paid to the said Seth B. Orndorff by the United States for the care and subsistence of federal prisoners cared for and subsisted by the said Seth B. Orndorff, under the authority of, and on behalf of, the United States of America, and to recover of Lee H. Orndorff, Charles De Groff, and H. P. Jackson, sureties·on the official bonds of the said Seth B. Orndorff, the amount of such bonds.

On September 17, 1925, defendants in error filed suit against Seth B! Orndorff, as principal, and Lee H. Orndorff and H. P. Jackson, as sureties, upon the official bond dated the ———— day of December, 1922, for the term of office of the said Seth B. Orndorff beginning January 1, 1923, and ending December 31, 1924; and on February 17, 1926, defendants in error filed suit against Seth B. Orndorff, as principal, and Lee H. Orndorff and Charles De Groff, as sureties, upon the official bond dated December 29, 1924, covering the term of office of the said Seth B. Orndorff, as sheriff, for the term beginning on the 1st day of January, 1925, and ending December 31, 1926, and in the same suit, upon a second bond, executed by the said Seth B. Orndorff, as principal, · and Lee H. Orndorff and Charles De Groff, as sureties, said bond having been executed in pursuance of an order of the Commissioners' Court of El Paso County, under date of July 20, 1925.

On November 3, 1925, plaintiffs in error filed their petition and bond for removal of each of said suits to the United States District Court for the Western District of Texas, and served notice upon defendants in error and their attorneys of record on the same date. On the same date the court accepted and approved said bond as to sufficiency, amount, and condition, but refused said petition for removal, on the ground that said petition stated no valid ground for removal of said cause to the federal court, to which ruling the defendants in open court excepted. On February 18, 1926, the United States District Court remanded said cause to the district court of El Paso county for trial.

On May 6, 1926, said causes were consolidated, by agreement of counsel, under the order of the district court. The cause proceeded to trial upon the consolidated second amended original petition of the plaintiffs, defendants in error, filed on May 13, 1926, and the first amended answer of defendants, plaintiffs in error, filed May 18, 1926, and upon plaintiffs' reply to defendants' first amended answer, filed May 18, 1926.

The cause was tried by the court without a jury, and on the 27th day of May, 1926, the the court rendered judgment against the defendant Seth B. Orndorff for the sum of $27,195.76, for the fiscal year 1923, and against Lee H. Orndorff and H. P. Jackson, sureties, in the amount of the bond executed by them, to wit, the sum of $5,000 for the term of office beginning January 1, 1923, and ending December 31, 1924.

The court further rendered judgment against Seth B. Orndorff in the sum of $16,012.66, for the fiscal year of 1924; and the court further rendered judgment against Seth' B. Orndorff for the sum of $23,978.41, for the fiscal year 1925, and against Lee H. Orndorff and Charles De Groff, sureties on two bonds, for the term of office beginning January 1, 1925, for the sum of $23,978.41.

The defendants in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District of Texas, and were given 90 days after adjournment of court in which to file bills of exception and statement of facts. On July 6, 1926, the court filed its findings of fact and conclusions of law. On October 23, 1926, plaintiffs in error filed their petition for writ of error, and waiver of citation was filed October 27, 1926, and cost bond was filed October 23, 1926, which bond was duly approved. In due time, plaintiffs in error filed their assignments of error and statement of facts in duplicate and transcript in this court, and bring the cause before this court for review.

The case was tried without a jury, and on motion of defendants the trial court made up and filed findings of facts and conclusions of law; the following being the findings and conclusions filed:

**"Findings of Fact.**

"(1) The defendant Seth B. Orndorff, during all of the times relevant herein, was the duly elected and qualified sheriff of El Paso county. The other defendants were sureties on his official bond, on the dates and in the amounts alleged in plaintiff's petition.

"(2) That for the fiscal year 1923 the said Orndorff, as sheriff of El Paso county, collected the sum of $27,195.76 as fees of office in excess of the maximum compensation allowed him by law, after deducting all expenses allowed by law. This $27,195.76 excess was largely composed of profits derived from the feeding of federal prisoners, placed in the jail of El Paso county by federal officers, to wit, the United States Marshal, the Department of Justice, the Prohibition Department, the United States Immigration Department, and the United States Collector of Customs.

"(3) These prisoners, as well as all prisoners for the fiscal years 1924 and 1925, were received under an oral contract between the sheriff and the United States marshal that the sheriff should receive the sum of 50 cents per day for the support and maintenance of federal prisoners, and the aforesaid sum of $27,195.76 is largely made up as aforesaid of profits made from the feeding of federal prisoners. However, included in said amount is approximately the sum of $2,000 as commitment and release fees, paid by the United States marshal on federal prisoners.

"(4) The Attorney General's department, by letter dated December 7, 1922, advised J. A. Escajeda, Esq., county auditor of El Paso county, that the sheriff, under chapter 19, General Laws, Regular Session, Thirty-Seventh Legislature, need not account for profits de-

rived from the feeding of federal prisoners. This letter was exhibited to the defendant Orndorff at or about the time of its receipt, which was probably some time in December, 1922, and acting thereon he failed to include in this account profits derived from the feeding of federal prisoners.

"(5) For the fiscal year 1924, the defendant Orndorff failed to account to El Paso county for $14,758.60 fees of office. These fees were the excess after the deductions by him of the maximum amount allowed by law and all lawful expenses. The said sum is largely composed of profits made from the feeding of federal prisoners. However, included in same is about the sum of $2,000 commitment and release fees for federal prisoners.

"(6) For the fiscal year 1925 the defendant Orndorff failed to account to the county for fees in the sum of $23,404.95. These fees were in excess of the maximum he was allowed to retain, and all lawful expenses. It was largely composed of profits derived from the feeding of federal prisoners. However, included therein is approximately the sum of $2,000 fees collected from the United States marshal for commitment and release of federal prisoners."

"Conclusions of Law.

"(1) In the construction of a statute, which the judicial department of the state has not construed, the opinion of the Attorney General's department of the state is entitled to serious and respectful consideration. An authoritative construction of a statute, however, is for the judicial department of the government.

"(2) The decision of a Court of Civil Appeals, with writ of error refused by the Supreme Court, is the law of the state until changed.

"(3) Sheriff's fees for commitment and release of federal prisoners, together with profits from their support and maintenance, are accountable as fees of office. Binford, Sheriff, v. Harris County et al. (Tex. Civ. App.) 261 S. W. 535.

"The above case settles all questions of law in this case, other than the question as to the power of the state over moneys derived by the sheriff from the federal government. The case is conclusive upon this point: Unless the principles there announced are in conflict with the United States Constitution or laws of the United States passed in pursuance of the powers granted Congress by the Constitution. The state of Texas has plenary powers over her officers. She creates the offices, prescribes the duties of the officers and provides for their compensation. Her sovereignty is only limited by the Constitution of the United States. The United States has not by any law (nor is it to be seriously contemplated that she will) placed an officer of a state in antagonism to the law of his state. Mulcrevy v. City and County of San Francisco, 231 U. S. 669, 34 S. Ct. 260, 58 L. Ed. 425.  P. R. Price, Judge."

There being no issue raised as to the sufficiency of the evidence to sustain any one or all of the findings of fact, whether in the judgment or statement filed, the findings of the judgment and the findings made up and filed by the trial court are here adopted as the findings of this court.

The trial court entered the following judgment, omitting the heading:

"On this the 27th day of May, A. D. 1926, at a regular term of this court, came on to be heard this cause, which is a consolidation of cases between the same plaintiffs and defendants, Nos. 26038 and 26853, on the docket of this court, and plaintiffs and defendants appeared and announced ready for trial, and a jury which had been heretofore demanded was in open court by all parties waived, and the matters in controversy of fact, as well as of law, were submitted to the court, and the court, having heard the pleadings, evidence and argument of counsel, finds:

"That the defendant Seth B. Orndorff, in the conduct of his office as sheriff, for the fiscal year 1923, is indebted to plaintiff El Paso county in the sum of $23,762.16, together with interest thereon from January 1, 1924, at the rate of 6 per cent. per annum, amounting to the sum of $3,433.60, in the total sum of $27,195.76.

"The court further finds that the defendants Seth B. Orndorff, as principal, and Lee H. Orndorff and H. P. Jackson, as sureties, executed bond for $5,000 for his term as sheriff beginning January 1, 1923, and ending December 31, 1924, herein sued upon.

"The court further finds that the said Seth B. Orndorff, in the conduct of his office as sheriff, for the fiscal year 1924, is indebted to the plaintiff El Paso county, Tex., in the principal sum of $14,758.60, together with interest thereon from January 1, 1925, at the rate of 6 per cent. per annum, and amounting to the sum of $1,254.06, and in the total amount of $16,012.66, for said year 1924, together with interest thereon from this date at the rate of 6 per cent. per annum.

"And the court finds that defendant Seth B. Orndorff, in the conduct of his office as sheriff, for the fiscal year 1925, is indebted to plaintiff El Paso county, Tex., for the principal sum of $23,404.95, together with interest thereon from January 1, 1926, at the rate of 6 per cent. per annum, and amounting to the sum of $573.46, and the total amount of $23,978.41, for the said fiscal year of 1925, together with interest thereon from this date until paid, at the rate of 6 per cent. per annum.

"And the court further finds that Seth B. Orndorff, as principal, and Lee H. Orndorff and Charles De Groff, as sureties, did execute the two bonds aggregating $35,000, one for $10,000 and one for $25,000, for term beginning January 1, 1925, and being the bonds herein sued upon.

"It is further ordered, adjudged, and decreed by this court that plaintiff El Paso county, Tex., do have and recover judgment against defendant Seth B. Orndorff in the total sum of $67,186.83, together with interest thereon at the rate of 6 per cent. per annum from the date hereof until paid, together with all costs in this behalf expended, for all of which execution may issue.

"It is further ordered and decreed by the court that plaintiff El Paso county, Tex., do have and recover judgment against Lee H. Orndorff and H. P. Jackson, sureties of the defendant Seth B. Orndorff, in the sum of $5,000, together with interest thereon from January 1, 1924, at the rate of 6 per cent. per annum, amounting to the sum of $722.50, and the total

sum of $5,722.50, together with interest thereon, from this date until paid, at the rate of 6 per cent. per annum, together with all costs in this behalf expended, for all of which execution may issue.

"It is further ordered and decreed by this court that Lee H. Orndorff and H. P. Jackson are sureties for said Seth B. Orndorff, and the sheriff or constable, or other officer making levy, shall levy execution first upon the property of the said Seth B. Orndorff, subject to execution and situated in El Paso county, Tex., before levy shall be made on property of Lee H. Orndorff and H. P. Jackson, sureties, or either of them, if so much property of the said Seth B. Orndorff can be found as will, in the opinion of the officer making said levy, be sufficient to make amount of execution; otherwise levy to be made on so much property of the said' Seth B. Orndorff, principal, as may be found, if any, and so much property of the said Lee H. Orndorff and H. P. Jackson, or either of them, as may be necessary to make amount of execution. And the clerk of this court shall make memorandum of this order on execution.

"It is further ordered and decreed by this court that the plaintiff El Paso county, Tex., do have and recover of and from the defendants Lee H. Orndorff and Charles De Groff jointly and severally, as sureties, the sum of $23,-404.95, together with interest thereon, from January 1, 1926, at the rate of 6 per cent. per annum, amounting to the sum of $573.46, and the total sum of $23,978.41, together with interest thereon from this date at the rate of 6 per cent. per annum until paid, together with all costs in this behalf expended, for all of which let execution issue.

"It is further ordered and decreed by this court that Lee H. Orndorff and Charles De Groff are sureties for said Seth B. Orndorff, and the sheriff or constable, or other officer making levy, shall levy execution first upon property of the said Seth B. Orndorff, subject to execution and situated in El Paso county, Tex., before levy shall be made on property of Lee H. Orndorff and Charles De Groff, sureties, or either of them, if so much property of the said Seth B. Orndorff can be found as will, in the opinion of the officer making said levy, be sufficient to make amount of execution; otherwise levy to be made on so much property of the said Seth B. Orndorff, principal, as may be found, if any, and so much property of the said Lee H. Orndorff, and Charles De Groff, or either of them, as may be necessary to make amount of execution. And the clerk of this court shall make memorandum of this order on execution.

"That the plaintiff Miriam Ferguson, as Governor, take nothing by this suit.

"It is the further order of this court that execution be issued herein in favor of the officers of this court against each of the parties hereto, for all costs in this behalf expended.

"To which action of the court in rendering the foregoing judgment each and all of the defendants, in open court, excepted, and gave notice of appeal to the Court of Civil Appeals of the Eighth Supreme Judicial District, at El Paso, Tex."

Plaintiffs in error filed assignments of error in the lower court.

### Opinion.

Counsel for plaintiffs in error, by brief and oral statement in open court, say it is recognized by counsel that the holding of the Galveston Court of Civil Appeals in the case of Binford, Sheriff, v. Harris County et al., 261 S. W. 535, a writ of error refused by the Supreme Court, on the issues there presented, is binding on this court until the Supreme Court of this state shall have changed its ruling. We adopt the view, as expressed by counsel, and, without reviewing the holding of the court in the Binford Case, we refer to it as expressing the ruling that must control this court in the disposition to be made of the case at bar.

The case is affirmed.