**CASEY et al. v. STATE.   (No. 3289.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 25, 1926. Rehearing Denied Dec. 2, 1926.)

**1. District and prosecuting attorneys ⟨⟩5(3)** —Excess fees cannot be applied by county attorney in payment of stenographer or office assistant as necessary expenses for his office; "actual and necessary expenses" (Rev. St. 1911, arts. 347, 3903, and art. 3897, as amended by Acts 1923, c. 181, § 6a).

Under Rev. St. 1911, art. 3897, as amended by Acts 1923, c. 181, § 6a, allowing deduction for all "actual and necessary expenses" incurred in conduct of county attorney's office such as stationery, stamps, telephone, traveling expenses, and other necessary expenses, in view of Rev. St. 1911, arts. 347, 3903, county attorney under doctrine of ejusdem generis has no authority to apply excess fees in payment of stenographer or office assistant as necessary expense incurred in conduct of his office.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Expense.]

**2. District and prosecuting attorneys ⟨⟩5(3)** —Office assistant cannot be paid out of public funds merely because necessary to county attorney, without statutory authority.

That office assistant was necessary in particular case, to enable county attorney to better discharge his duties, does not confer right to pay for assistance out of public funds, in absence of statutory authority.

**3. Judgment ⟨⟩256(2)—Judgment need not be based on finding of jury, where not in conflict therewith or finding is not on material issue.**

Rule that finding of jury on material issue of fact cannot be ignored in rendering judgment, but if erroneous should be set aside and new trial granted, does not apply where finding of jury is on immaterial issue or where judgment rendered is not in conflict with special verdict returned.

**4. Judgment ⟨⟩256(2)—Judgment denying county attorney's right to use excess fees to pay stenographer is not precluded by finding that stenographer was necessary office expense.**

In action to recover excess fees collected by county attorney and used to pay stenographer, finding by jury in answer to special issue that money was expended for necessary office expenses does not preclude judgment that county attorney had no authority to pay for such services.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

---

Suit by the State against James T. Casey and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Davidson, Blalock & Blalock, of Marshall, .for appellants.

John E. Taylor and Charles E. Carter, both of Marshall, for the State.

HODGES, J. The appellant James T. Casey was the county attorney of Harrison county during the years 1923 and 1924. He collected fees during that time in excess of those allowed for his own compensation. He paid $1,335.07 out of the excess fees collected to a stenographer, or office assistant. In his report and settlement he claimed credit for that amount as necessary office expenses. This suit was filed by the present county attorney in the name of the state, on Casey's official bond, to collect the excess fees so retained.

In his answer Casey pleaded, in substance, that the amount sued for was expended for actual and necessary expenses of the office. Harrison county, he alleged, had a population of over 40,000 and was in a judicial district without a district attorney. The duty of prosecuting all criminal cases and of representing the county and state in all civil suits in the courts of Harrison county devolved upon him as county attorney. On account of the mass of litigation to which the county attorney was required to give his personal attention, he was unable to perform his duties without assistance. The "assistants were employed solely and exclusively for the purpose of assisting in the performance of official duties of the county attorney, and were used for that purpose, and were paid out of the excess fees of the office principally. They were necessary for the efficient discharge of the duties of the office. No more than one was employed at any one time. They were not paid more than a reasonable amount for the necessary service rendered by them." It was further alleged that during the years 1923 and 1924 the fees collected in excess of the salary of the county attorney of Harrison county were not sufficient to pay a legally qualified assistant county attorney. That even if it were otherwise, expert office assistance would still have been necessary for the performance of office work and clerical duties which could not and would not have been done by an attorney at law.

The court submitted one special issue, which is as follows:

"Was the money expended by J. T. Casey, county attorney, for the services of a stenographer or general office assistant a necessary expense incurred by him in the conduct of his office of county attorney in and for Harrison county, Texas? Answer: Yes."

At the instance of counsel for the state this finding was ignored by the court and a judgment entered against the defendants for the full amount sued for.

In this appeal the appellants contend that the undisputed evidence showed an authorized appropriation of the excess fees sued for in the payment of necessary expenses in the conduct of the office of county attorney, and that the finding of the jury, whether supported or unsupported by the evidence, was binding upon the court, and a judgment for appellants should have been entered.

Counsel for appellants in their brief present the following as a summary of the material facts: Casey was county attorney of Harrison county during the years 1923 and 1924. The county did not have a district attorney, and the county attorney represented the state in the district court, the county court, and all of the eight justice courts. At that time Harrison county had a population of more than 45,000. The duty of the county attorney included appearance before grand juries, in all prosecutions of every kind, examining trials, habeas corpus proceedings, lunacy cases, tax suits, and others incident to the office. During those two years between 4,000 and 5,000 complaints, informations, and indictments were handled by the county attorney; 2,500 separate tax suits were filed, and back taxes amounting to $85,000 were collected. Most of this was done before the law allowing extra compensation for tax suits was passed. Casey did not employ a deputy or assistant county attorney until the last three months of 1924, about the time the law was passed allowing the county attorney extra compensation for tax suits. He did employ a lady as a stenographer and general office assistant. She kept the office open while Casey was in the courtroom; she kept the files, and kept up with the various dockets. She took data on which complaints were filed. She kept the names and addresses of witnesses in the various cases, and notified them when to be present. She made a record of testimony given at examining trials, and in cases of particular importance she took written statements from witnesses and filed them for use of the county attorney on the trial. She was not primarily a stenographer, although she did all the stenographic work in the office, but was of general assistance to the office. The appellant paid this young lady in 1923 the sum of $447.36 out of the excess fees of his office, and in 1924 he paid her $885.21 out of the excess fees of the office for that year. He did not apply to the commissioners' court for authority to employ her. Upon the trial of the case a number of leading attorneys testified that the above expenditures were necessary to the proper functioning of the office of county attorney in Harrison county.

[1] A determination of the first question presented involves the construction of article 3897 of the Revised Statutes of 1911, as

amended by Acts 1923, c. 181, § 6a, which is as follows:

"At the close of each month of his tenure of such office each officer whose fees are affected by the provisions of this law shall make as a part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses and other necessary expense. If such expense be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the county auditor, if any, and if it appear that any item of such expense was not incurred by such officer, or that such item was not necessary thereto, such item may be by such auditor or court rejected. In which case the correctness of such item may be adjudicated in any court of competent jurisdiction. The amount of such expense, referred to in this paragraph, shall not be taken to include the salaries of assistants or deputies which are elsewhere herein provided for. The amount of such expense shall be deducted by the officer in making each such report, from the amount, if any, due by him to the county under the provisions of this law."

Article 3903, which is a part of the act quoted above, provides that whenever any officer named in preceding articles, which include the county attorney, shall require the services of deputies or assistants in the performance of his duties, he shall apply to the county judge of his county for authority to appoint the same. Other provisions of the same article fix the maximum compensation which may be paid to such deputies or assistants. An older statute, article 347, authorized the county attorney, with the consent of the commissioners' court, to appoint not exceeding three assistants, who should have the qualifications required by law of a county attorney.

It is conceded that in this instance Casey applied to no one for authority to appoint an office assistant or stenographer. As a legal justification for thus applying the excess fees, he relies solely upon the provisions of article 3897, allowing a deduction for all the "actual and necessary expenses incurred by him in the conduct of his said office." His contention is that under the facts and the finding of the jury compensation for the services of a stenographer, or general office assistant, was a "necessary expense incurred by him in the conduct of his said office" as county attorney. We are of the opinion that the construction adopted by the trial court holding to the contrary is correct. If the Legislature had intended to allow a deduction for all necessary expenses incurred by the county attorney in the conduct of his office, there would have been no occasion to follow the general words "all the actual and necessary expenses incurred by him in the conduct of his said office" with these particular words, "such as stationery, stamps, telephone, traveling expenses and other necessary expense." The last clause might be made to read: "and other similar necessary expense," without perverting the legislative meaning. There is an old rule of construction known as ejusdem generis, which may be thus stated:

"In a public statute where words are particularly designating specific acts or things are followed by and associated with words of general import comprehensively designating acts or things, the latter are generally to be regarded as comprehending only matters of the same kind or class as those particularly stated." 19 Corpus Juris, p. 1255.

"The rule of construction, 'ejusdem generis,' is" that a public statute " 'general words following particular words will not include things of a superior class.' " Right of Way Oil Co. v. Gladys City Oil, G. & M. Co., 106 Tex. 103, 157 S. W. 739, 51 L. R. A. (N. S.) 268.

[2] That rule is, we think, applicable here. The four particulars mentioned in the statute—stationery, stamps, telephone and traveling expenses—fixed the grade and character of the office expenses which may be paid for out of the excess fees of the office. The personal service of an office assistant or stenographer of the kind employed in this instance does not belong to that grade of expenses. It may be that such assistance was necessary in this particular case, to enable the county attorney to better discharge his duties; but that fact alone does not confer the right to pay for such assistance out of the public funds. Such authority must come from some appropriate statute. The one relied on does not give it.

[3, 4] The next question is: Did the court err in not rendering a judgment in favor of the appellant upon the verdict of the jury? Under our statute the finding of a jury upon a material issue of fact cannot be ignored in the rendition of the judgment. The verdict, when pertinent to the real question involved, whether correct or incorrect, must furnish the basis of the adjudication. If for any reason such a verdict is an erroneous or an improper one, it should be set aside and a new trial granted. But that rule does not apply where the finding of the jury is upon an immaterial issue, or where the judgment rendered is not in conflict with the special verdict returned. In this case the form of the interrogatory submitted did not make an affirmative answer decisive of the character of the judgment that should be entered. Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515. The jury found that a stenographer, or office assistant, was necessary. The court, in effect, held that, however true that might be, the county attorney had no legal authority to pay for such necessary services out of his excess fees.

In that conclusion we think the court was correct, and the judgment will be affirmed.