HOOD et al. v. STATE et al.

No. 11465.

Court of Civil Appeals of Texas. Dallas.
June 9, 1934.

Rehearing Denied July 6, 1934.

Tom C. Clark, of Dallas, for defendants in error.

BOND, Justice.

This suit was filed in the name of the state of Texas, for the benefit of Dallas county, to recover of H. A. Hood, sheriff, and the Constitution Indemnity Company of Pennsylvania, the surety on his official bond, the various items of indebtedness, reflected by the related evidence.

The material facts admitted by the parties are: (a) That H. A. Hood, as sheriff of Dallas county, received $6,373 from the United States government, for feeding and housing federal prisoners during the year 1929, and $13,571 during the year of 1930; that the money was received by the sheriff under a contract entered into by him and the United States marshal for the Northern District of Texas, under authority granted by the Attorney General of the United States, and that a settlement for the collections was made with the commissioners' court of Dallas county, whereby the sheriff paid the county the sum of $2,500 for the amount received during the year 1929 and $2,000 for the year 1930, and the commissioners' court accepted the amounts, in full and complete satisfaction of the respective sums received; (b) that the sheriff received $6,048.35 during the year 1929 and $6,593.22 during the year 1930, as fees for the serving of various process issued out of courts in counties other than Dallas, known as "out of-the-county process"; (c) that the sheriff, under an order of the commissioners' court, employed an attorney to aid him in litigations incident to the conduct of his office, at a stated sum of $50 per month, and in pursuance thereto paid the attorney out of the fees of office the sum of $1,200 ($300 in 1929 and $900 in 1930); (d) that the sheriff paid $236.67 in 1929 and $133.33 in 1930, as interest on money borrowed by him and secured by state warrants, not then redeemable at the state treasury, which money was necessary to operate his office; and (e) that the sheriff paid to one of his deputies, under and by virtue of an order of the commissioners' court, the sum of $25 per month in excess of the deputy's legal maximum salary for work performed outside of his regular duties, which expense was necessary in the proper conduct of his office.

The case being submitted to the court without a jury, a judgment was entered against H. A. Hood and his bondsman for $10,000, and against H. A. Hood individually for $19,055.57, and against the county on the $900 item, the amount paid during the year 1930

Shelby S. Cox and Wm. M. Cramer, both of Dallas, for plaintiffs in error.

by the sheriff to the attorney. Each of the parties excepted to the respective adverse portions of the judgment.

The legal proposition upon which this appeal is predicated, the facts being undisputed, are: (a) Whether moneys received by a sheriff under a contract with the United States marshal, for the safe-keeping and subsistence of federal prisoners in the jail of his county, are accountable fees of office; (b) whether a legal settlement of the items can be affected by the commissioners' court, by a payment and acceptance of an amount below the receipts; (c) whether fees received by a sheriff for serving "out-of-the-county process" are accountable fees of office; (d) whether the commissioners' court of a county has legal authority to empower the sheriff to employ an attorney, by the month, and pay the attorney from the fees of office to handle legal matters in connection with the sheriff's office; (e) whether interest on moneys borrowed by the sheriff to run his office, pending payment of state warrants, earned and pledged to secure the loan, is a proper charge expense of the office, and (f) whether the sheriff can, under authority granted by the commissioners' court, pay a deputy for extra work, not required of him in his employment, a sum above the maximum salary allowed by law.

The first of these propositions is the more difficult. The status of the account, affecting federal prisoners, as being accountable fees of office, is not entirely free from doubt, and has been so expressed in the holding of the Galveston Court of Civil Appeals, in the case of Binford, Sheriff, v. Harris County et al., 261 S. W. 535, a writ of error refused by the Supreme Court on the issues there presented; and by the El Paso Court of Civil Appeals, in the case of Orndorf, Sheriff, v. El Paso County et al., 295 S. W. 219, a writ of error was also refused by the Supreme Court.

Fees of office are regulated by statute and, the Legislature has determined that certain enumerated fees, charges, and perquisites are accountable in determining the maximum salary officers shall retain for their services. Our Constitution (article 5, § 23), in creating the office of sheriff, provides that the "duties, and perquisites, and fees of office, shall be prescribed by the Legislature." A perquisite is "an incidental emolument, profit, gain or fee over and above the fixed or settled income, salary or wage, something received incidentally and in addition to regular wages, salary, fees, etc." Cent. Dict. & Encyc. In the case of Harris County v. Hammond, 203

S. W. 445, the Galveston Court of Civil Appeals held that, under the statute (article 1142, C. C. P.), as it then existed, the charges received by the sheriff, for the subsistence and care of county prisoners, allowed and paid to him by the commissioners' court of Harris county, for the safe-keeping of county prisoners, were perquisites of office, and not accountable fees, and the holding was approved by our Supreme Court, in denying a writ of error.

After the decision in the Hammond Case, and perhaps induced by it, the Legislature amended article 1142, of the Code of Criminal Procedure, by enacting the present article of the Code (article 1040). The effect of the amendment is to place the amount allowed and paid to the sheriff by the commissioners' court of a county, as accountable fees of office, and not perquisites, as they were theretofore determined by the courts of this state. This amendment, article 1040, was placed by the codifiers of the 1925 statutes under the title "Costs Paid by Counties," and under that title provisions are placed, article 1037, that "each county shall be liable for all expense incurred on account of the safe-keeping of prisoners," etc.; and, article 1046, that at "each regular term of the commissioners court, the sheriff shall present to such court his account verified by his affidavit for the expense incurred by him since the last account presented for the safe-keeping and maintenance of prisoners," etc.; and, article 1047, that "the commissioners court shall examine such account and allow the same, or so much thereof as is reasonable and in accordance with law, and shall order a draft issued to the sheriff upon the county," etc.

Manifestly, these articles deal with county prisoners, their safe-keeping and maintenance, the duties of the sheriff in regard to making reports for their subsistence and care, and the commissioners' court of the respective counties to audit the sheriff's account and direct payment of the amount due from the county treasurer, for the safe-keeping and maintenance of county prisoners.

While article 1040 in general terms provides a remuneration of the sheriff, within prescribed limits, for each prisoner "confined in jail or under guard," yet it further deals with "expenditures and the amount allowed by the commissioners court," and in the succeeding articles provision is made only for such allowance to be paid by the commissioners' court for the subsistence and care of county prisoners.

The doubt arises as to the construction of

article 1040 of the Criminal Procedure Code, as to whether the remuneration for the subsistence and safe-keeping of federal prisoners, allowed and paid under contract with the United States government, should be read into the provision of the statute so as to make such payment accountable fees of office, and we also express the doubt as has been heretofore done by other Courts of Civil Appeals, supra.

In the reported cases of Seale v. State (Tex. Civ. App.) 67 S.W.(2d) 1060; Orndorf v. El Paso County, supra; and Binford v. Harris County, supra, our Supreme Court has denied writs of error, and the cases being analogous to the one here presented, the decisions are binding on this court, thus expressing the ruling that must control. Therefore, the moneys paid by the United States government for the safe-keeping and subsistence of federal prisoners under contract with the sheriff are accountable fees of office.

■ It follows, therefore, that such moneys being provisional statutory fees of office, the commissioners' court is without power to settle with the sheriff for an amount less than was received, and its action in approving the sheriff's account, and in accepting for the county the $2,500 and $2,000, respectively, was wholly void, hence subject to the collateral attack. Cameron County v. Fox (Tex. Com. App.) 2 S.W.(2d) 433.

■ The items received by the sheriff for serving "out-of-the-county process" are also definite and fixed charges, for specific services the sheriffs are required to perform as official duties, and under article 3912, R. S., such fees are accountable fees of office. Seale v. State, supra.

■ The items paid by the sheriff under orders of the commissioners' court, for the employment of an attorney for the years 1929 and 1930, were not such as the sheriff was authorized to pay, under the binding decisions of the above-cited cases. A sheriff cannot legally employ an attorney for the year and pay him from fees of office, and the commissioners' court has no legal authority to empower the sheriff to do so. The trial court, in allowing the sheriff the item of $900, paid by him to an attorney under the circumstances above related, as a legal disbursement from the fees of office, and chargeable as a proper and necessary expense, was error. Defendant in error excepted to the judgment and pre-

sents here a counter assignment, contending that the $900 should not have been allowed plaintiffs in error as a legal charge, and that the judgment should be reversed and here rendered in favor of the county for that item. We agree with defendant's contention. See above-cited cases and Casey v. State (Tex. Civ. App.) 289 S. W. 428.

■■ The items of interest paid by the sheriff on personal loans are not allowable under article 3899 as a deduction for account and necessary expense incurred by him in the conduct of his office. It has been repeatedly held, by courts of this state, that the expenses enumerated by statute—that is, "stationery, stamps, telephone, traveling expenses" —fix the grade and character of office expenses which may be paid for out of the fees of office. It matters not how much the money may have been needed and the emergency existed for a loan of money to the sheriff to properly conduct his office, in the absence of a statutory provision, neither the money loaned, nor the interest paid on the loan, can be allowed as an expense incurred by the sheriff in the conduct of his office. Casey v. State, supra; Cameron County v. Fox, supra.

■ The item paid by the sheriff to a deputy in his office, under the authority granted by the commissioners' court, for extra work above the maximum salary for such deputy, is an illegal allowance and payment. The Legislature (article 3902, R. S.) has fixed the maximum amount that a sheriff may pay his deputies, and such limitation is mandatory and may not be disregarded in any event by the county officers. The statute expressly provides that "compensation shall not exceed the maximum amounts" so fixed; thus, if county officers were permitted to disregard the plain mandatory provisions of the statute and pay deputies more than the maximum amount, such, in effect, would be setting aside a plain and unequivocal statutory demand, which officers have no right to do.

Under the decisions of the reported cases, plaintiff in error's several assignments are overruled and, from the foregoing, it follows that the judgment of the trial court should be reformed, allowing the defendant in error recovery against H. A. Hood for the $900 paid by the sheriff to the attorney during the year 1930, in addition to the amount of the judgment of the trial court, and as reformed the judgment is affirmed.

Affirmed.