WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

RUTH MYERS,
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. K. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
WM. MADDEN HILL
W. J. (DICK) HOLT
W. J. KEMP
C. M. KENNEDY
LEONARD KING
GEORGE P. KIRKPATRICK
SAM LANE

JOHN McKAY
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MORROW
JAMES N. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
ALBERT WALKER
CHARLES B. WALKER
H. L. WILLIFORD



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

January 6, 1939

Mr. Hubert G. Wright
County Attorney
Willacy County
Raymondville, Texas

Dear Mr. Wright:

Opinion No. O-13
Re: Office expense of County Clerk

Your request for an opinion on the question, "Is a County Clerk entitled to claim as expense of office, the amount lost to him by the necessity of discounting time warrants?", has been received by this office.

Article 3899 of the Revised Civil Statutes of Texas 1925 as amended by the 43rd Legislature, page 734, C-220, provides among other things, that each officer named herein who is compensated on a fee basis shall make as part of the report required by law an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as, stationery, stamps, telephone, premiums on official bonds, including the cost of surety bonds for deputies, premiums on fire, burglary, theft and robbery insurance, protecting public funds, traveling expense, salaries paid to the assistants and deputies shall be clearly shown by such officer, giving the name, position, amount paid each and other necessary expense, the amount of such expense shall be deducted by the officer in making such report from the amount, if any, due by him to the county under the provisions of this law.

The case of State vs. Carnes, 106 SW 2nd 397, among other things, holds "under statute, the

Mr. Hubert G. Wright, January 6, 1939, Page 2

claim as deductions are limited to stationery, stamps, telephone, traveling expense and other similar expense." The general rule being applied to qualify the general language by the special enumerated items and to render its meaning to expenses of said kind or class.

The case of Hood et al vs. State et al, 73 SW 2nd 811, holds, "It has been repeatedly held by the courts of this state that the expenses enumerated by statute, that is, stationery, stamps, telephone, traveling expense fix the grade and character of office expense."

In the absence of the statutory provision, the 10% discount mentioned in your letter on interest bearing time warrants received by the County Clerk in payment for work performed in his official capacity cannot be allowed as expense incurred by him in the conduct of his office.

Trusting that the above answers your inquiry, I remain

Yours respectfully,

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Assistant

AW:aw

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS