

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:                    Opinion No. O-3670

Re:  Commissioners' Court of
     Smith County has authority
     to allow county attorney
     reasonable necessary travel-
     ing expenses in attending
     justice courts of the county.

Your request for opinion has been received and carefully considered by this Department. We quote from your request as follows:

"Please advise the method of computing the amount of traveling expenses that may be legally paid the County Attorney of Smith County for attending the Justice of the Peace Courts in the different precincts of Smith County."

Smith County has a population in excess of 20,000 inhabitants, and its county officers are compensated upon a salary basis.

Section (b) of Article 3899, Vernon's Annotated Civil Statutes, reads as follows:

"(b)  Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire,

burglary, theft, robbery insurance protecting
public funds and including the cost of surety bonds
for his Deputies, such expenses to be passed on, pre-
determined and allowed in kind and amounts, as nearly
as possible, by the Commissioners' Court once each
month for the ensuing month, upon the application by
each officer, stating the kind, probable amount of
expenditure and the necessity for the expenses of
his office for such ensuing month, which application
shall, before presentation to said court, first be
endorsed by the County Auditor, if any, otherwise
the County Treasurer, only as to whether funds are
available for payment of such expenses.  The Com-
missioners' Court of the county of the Sheriff's
residence may, upon the written and sworn applica-
tion of the Sheriff stating the necessity therefor
purchase equipment for a bureau of criminal identi-
fication, such as cameras, finger print cards, inks,
chemicals, microscopes, radio and laboratory equip-
ment, filing cards, filing cabinets, tear gas and
other equipment in keeping with the system in use
by the Department of Public Safety of this State,
or the United States Department of Justice and/or
Bureau of Criminal Identification.

"Such purchases shall be made by each officer,
when allowed, only by requisition in manner provided
by the County Auditor, if any, otherwise by the
Commissioners' Court.  Each officer shall, at the
close of each month of his tenure of office, make an
itemized and sworn report of all approved expenses
incurred by him and charged to his county, accompany-
ing such report with invoices covering such purchases
and requisitions issued by him in support of such
report.  If such expenses be incurred in connection
with any particular case, such report shall name
such case.  Such report, invoices and requisitions
shall be subject to the audit of the County Auditor,
if any, otherwise by the Commissioners' Court, and
if it appears that any item was not incurred by
such officer, or that such item was not a necessary
or legal expense of such office, or purchased upon
proper requisition, such item shall be by said
County Auditor or court rejected, in which case the
payment of such item may be adjudicated in any court
of competent jurisdiction.  All such approved claims
and accounts shall be paid from the Officers' Salary
Fund unless otherwise provided herein.

"The Commissioners' Court of the county of the
Sheriff's residence may, upon the written and sworn
application of such officer, stating the necessity
therefor, allow one or more automobiles to be used
by the Sheriff in the discharge of official business,
which, if purchased by the county shall be bought
in the manner prescribed by law for the purchase
of supplies and paid for out of the General Fund of
the county and they shall be reported and paid in the
same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned
by the Sheriff or his Deputies, they shall be allowed
four (4¢) cents for each mile traveled in the dis-
charge of official business, which sum shall cover
all expenses of the maintenance, depreciation and
operation of such automobile.  Such mileage shall be
reported and paid in the same manner prescribed for
other allowable expenses under the provisions of
this section.  No automobile shall be allowed for
any Deputy Sheriff except those regularly employed
in outside work.  It shall be the duty of the
County Auditor, if any, otherwise the Commissioners'
Court, to check the speedometer reading of each of
said automobiles, owned by the county once each
month and to keep a public record thereof; no auto-
mobile owned by the county shall be used for any
private purpose."

We have considered the cases of State vs. Carnes, 106 S. W.
(2d) 397, and Casey vs. State, 289 S. W. 428, which construe
Section (a) of Article 3899, Vernon's Annotated Civil Statutes,
and hold that the rule of construction 'ejusdem generis' qualifies
the general language (other necessary expenses) by the antecedent
specially enumerated items of expense (stationery, stamps,
telephone, premiums on officials' bonds, including the cost of
surety bonds for his deputies, premiums on fire, burglary, theft,
robbery insurance protecting public funds, traveling expenses)
and restricts and limits the meaning of the general language
(other necessary expenses) to expenses of the same kind and
class of the above specially enumerated items of expense.  We
have also considered the case of Crosthwait vs. State, 138
S. W. (2d) 1060, which construes Section 19 (1) of Article
3912e, Vernon's Annotated Civil Statutes, and holds that
the rule of construction 'ejusdem generis' is applicable to
said section.  (Said section is in all material respects hereto
virtually the same as Section (a) of Article 3899.)

The rule of Construction 'ejusdem generis' has been defined by 19 Corpus Juris, page 1255, as follows:

"Liberally 'Of the same kind of species.' A well-known maxim of construction, to aid in ascertaining the meaning of a statute or other written instrument, the doctrine being that, where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind."

It is our opinion that the rule of construction 'ejusdem generis' is not applicable to Section (b) of Article 3899, Vernon's Annotated Civil Statutes, because the general words "all reasonable expenses necessary in the proper and legal conduct of his office" do not follow the specific words "premiums on officials' bonds, etc." but on the contrary antecede said specific words. Clearly the rule of construction 'ejusdem generis' would not apply to Section (b) of Article 3899, Vernon's Annotated Civil Statutes.

It is frequently necessary in the proper conduct of his office that the county attorney travel from the county seat to the various outlying justice courts of his county.

It is our opinion that the commissioners' court of Smith County would have authority to allow the county attorney reasonable necessary traveling expenses for attending justice courts of the county. The method of computation of such expenses allowed, if any, would be for the commissioners' court to determine in their sound discretion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   /s/ Wm. J. Fanning
        Wm. J. Fanning
             Assistant

APPROVED JUL 3, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL
WJF:N:mjs