

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL



Overruled by C-659  Ⓝ

April 29, 1952

Hon. Fred C. Brigman, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Opinion No.  V-1436

Re:  Legality of compensat-
ing the sheriff's wife
for feeding prisoners
in the county jail under
the submitted facts.

Dear Sir:

Your request for an opinion is substan-
tially as follows:

"The sheriff of Uvalde County is
compensated on a salary basis and had
been since the passing of the Constitu-
tional Amendment.  In addition to his
salary, the County has been paying him
$.75 per day per prisoner for feeding
of the prisoners and $.15 per day for
safe-guarding the prisoners.  At all
times prior to April, 1951, the sheriff
did not live in the County Jail and
turned this check, endorsed in blank,
over to his deputy to pay the deputy's
wife for feeding the prisoners.  The
profit being considered as her compen-
sation for cooking.  On April 1, 1951,
the sheriff resigned and the deputy was
duly appointed for the unexpired term
by the Commissioners' Court.  The new
sheriff continued to reside in the jail
and his wife continued to feed the prison-
ers.  The new sheriff's contention is
that he should be allowed to continue
to compensate his wife by giving her the
check paid him by the County and letting
her keep the profit, if any, as she had
been receiving the money under the prior
sheriff for a period of almost four years.
The employment of a cook for the jail has
never been authorized by the Commissioners'

296

> Court. The new sheriff has also, at
> various times after April 1, 1951, kept
> prisoners for the Federal Government re-
> ceiving the sum of $1.50 per prisoner
> per day for feeding and safe-guarding
> of prisoners. Apparently, no Federal
> prisoners were received under the form-
> er sheriff."

You have presented for determination the fol-
lowing questions:

> "Question No. 1.  Under the above fact
> situation, is the new sheriff's wife en-
> titled to retain the profit from feeding
> prisoners?

> "Question No. 2.  Under the above fact
> situation, was the former sheriff entitled
> to pay the profit from feeding prisoners to
> his deputy's wife?

> "Question No. 3.  Should there be any
> apportionment of the sum paid by the Federal
> Government between safe-guarding and feeding
> of prisoners.?

> "Question No. 4.  In the event that
> question No. 1 is answered in the affirma-
> tive, is the new sheriff's wife entitled
> to the entire amount received from the Fed-
> eral Government or only to $.75 per prisoner
> per day?"

The sheriff of Uvalde County is compensated
on a salary basis by virtue of Section 61, Article
XVI of the Constitution of Texas.

In Attorney General's Opinion V-1232 (1951),
it was held that

> "The Commissioner's court is not au-
> thorized to allow the sheriff any specific
> sum for the boarding of prisoners, but only
> the actual expenses incurred by him in feed-
> ing the prisoners in his custody, whether
> by a contract with an individual at a flat
> daily rate per prisoner, or otherwise."

A sheriff would ordinarily be prohibited from employing his wife as a cook for prisoners in the county jail, by virtue of Articles 432 and 435, V.P.C. However, there is an exception to this prohibition with regard to any person who has been continuously employed in any office or employment for two years prior to the election or appointment of the officer appointing such person to office or employment. In Attorney General's Opinion V-1142 (1951) it was stated:

"A person who was employed by the county at the time his brother first took office as County Commissioner on January 1, 1951, and had been continuously so employed for a period of two years immediately prior thereto, may be retained as a county employee without violating the nepotism statute (Article 432, V.P.C., as amended, Acts 51st Leg., R.S. 1949, ch. 126, p. 227)."

Inasmuch as you state that the wife of the sheriff has been employed two years prior to his appointment, and in view of the further fact that the sheriff is allowed the actual and necessary expenses for the maintenance of the jail, it is our opinion that the sheriff's wife may act in the capacity of a cook for the jail. It is to be noted that the feeding of prisoners comprises a part of the necessary functions involved in the operation of the jail, and need not necessarily be subject to authorization by the commissioners' court since this employment is discretionary with the sheriff. The actual and necessary expenditures incurred by reason of the operation of the jail are subject to scrutiny by the commissioners' court. We are not concerned here with an office but only a contract of employment which is an incidental part of the necessary expenditures for the operation of the jail.

In answer to your second question, we point out that the expense of feeding may be, as is the case under the facts which you set out, incurred at a flat daily rate. As stated in our discussion under your first question, the sheriff, in the maintenance and operation of the jail, is entitled to his actual and necessary expenses. Since it would appear that the contract between the former sheriff and his deputy's wife was for the feeding of prisoners at a flat daily rate per meal there is no question of the payment of a profit and hence a proper basis for such payment.

There is no statutory basis for the payment of $.15 per day fee for prisoners and the $.75 per day fee for feeding, as provided in Article 1040, V.C.C.P., in salary counties in the population bracket of Uvalde County since these payments are prohibited by Section 3 of Article 3912e, V.C.S. Att'y Gen. Op. V-655 (1948) and O-1242 (1939). Although these fees are not authorized, as stated, the sheriff is entitled to the expenses necessary for operation of the jail.

In answer to your question No. 3, it is our opinion that a county is entitled to receive the entire amount from feeding and safeguarding federal prisoners. In Hood v. State, 73 S.W.2d 611, 613 (Tex. Civ. App. 1934, error ref.) the court stated;

"While article 1040 in general terms provides a remuneration of the sheriff, within prescribed limits, for each prisoner 'confined in jail or under guard,' yet it further deals with 'expenditures and the amount allowed by the commissioners court,' and in the succeeding articles provision is made only for such allowance to be paid by the commissioners' court for the subsistence and care of county prisoners.

"The doubt arises as to the construction of article 1040 of the Criminal Procedure Code, as to whether the remuneration for the subsistence and safe-keeping of federal prisoners, allowed and paid under contract with the United States government, should be read into the provision of the statute so as to make such payment accountable fees of office, and we also express the doubt as has been heretofore done by other Courts of Civil Appeals, supra.

"In the reported cases of Seale v. State (Tex. Civ. App.) 67 S.W.(2d) 1060; Orndorf v. El Paso County, supra; and Binford v. Harris County, supra, our Supreme Court has denied writs of error, and the cases being analogous to the one here presented, the decisions are binding on this court, thus expressing the ruling that must control. Therefore, the moneys paid by the United States government

<u>for the safe-keeping and subsistence of</u>
<u>federal prisoners under contract with the</u>
<u>sheriff are accountable fees of office."</u>
(Emphasis added.)

Passing to question No. 4, the rules stated in answer to your other questions are applicable and the contractor who provides the food for prisoners is entitled to the flat daily rate agreed upon. The surplus remaining after payment of this contract price is to be paid to the county under the holding in <u>Hood</u> <u>v. State</u>, supra, quoted above. Att'y Gen. Op. V-359 (1947).

## SUMMARY

By virtue of the nepotism laws (Articles 432 and 435, V.P.C.), a sheriff would ordinarily be prohibited from employing his wife as a cook for prisoners in the county jail. However, a sheriff's wife employed as a cook in the county jail two years prior to the appointment of the sheriff may continue in such employment by virtue of House Bill 580, Acts 51st Leg., R.S. 1949, ch. 126, p. 227. She may be compensated at a flat daily rate or otherwise, and this compensation is an operational expense of jail maintenance. The sheriff, since he is on a salary basis, is entitled only to actual and necessary expenses in the maintenance and operation of a jail. Att'y Gen. Ops. V-1232 (1951) and V-1142 (1951).

A county is entitled to receive the entire amount paid for the feeding and safe-guarding of federal prisoners. <u>Hood v. State</u>, 73 S.W.2d 611 (Tex. Civ. App. 1934, error ref.).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mh

By Burnell Waldrep
Burnell Waldrep
Assistant