**F. J. VITOPIL, Appellant,**

v.

**A. S. WARE et al., Appellees.**

No. 3287.

Court of Civil Appeals of Texas.

Waco.

June 2, 1955.

Grace & Palmos, Hearne, for appellant.

John M. Barron, County Attorney, Davis. Grant, Asst. County Atty., Bryan, for appellees.

McDONALD, Chief Justice.

This is a suit by F. J. Vitopil as County Auditor of Brazos County for a mandamus against the Commissioners Court of Brazos County, seeking to have such Commissioners Court enter an order to pay him monies covering what he claims to be a deficiency in his salary for the years *1953* and *1954*, and seeking to have his salary for *1955* and *1956* fixed at the sum as fixed by the order appointing him Auditor by the District Judge of Brazos County. Parties will be referred to as in the Trial Court.

The District Judge on 16 November 1952, entered an order appointing plaintiff as County Auditor for a period of 2 years, the order of appointment fixing his salary at $4,500 per year; and likewise, on 16 November 1954, entered an order appointing plaintiff as County Auditor for a period of 2 years, said order fixing his . salary at $4,500 per year. The Commissioners Court

made no attempt to change plaintiff's salary from that as fixed by the District Judge until January 1953, when they passed an order "fixing Plaintiff's salary at $3,600 per year for the year 1953". In January 1954 they passed an order "fixing his salary at $4,000 for the year 1954." In January 1955 they passed an order "fixing Plaintiff's salary for 1955 at $4,000 per year."

It is stipulated that Brazos County, according to the last Federal census, had a population in excess of 35,000 inhabitants and a tax valuation in excess of $15,000,000; and that the salary which plaintiff was entitled to under the law as it existed on 1 January 1940 is $3,000 per year; and that the Assessor-Collector of Taxes of Brazos County for all years in controversy was paid more than $4,500 per year.

The Trial Court, without a jury, denied all relief sought and plaintiff appeals on 2 points: 1) The Trial Court erred in construing Article 1645, R.C.S., to the effect that such statute authorizes the Commissioners Court to fix the salary of plaintiff, as County Auditor, at a sum less than that as fixed by the District Judge in the order of said Judge appointing plaintiff and fixing his salary as County Auditor. 2) The Trial Court erred in holding that Section 1, Article 3912g, Vernon's Ann. R.C.S., is inapplicable to plaintiff as County Auditor of Brazos County.

The determination of plaintiff's 1st point involves the construction of Article 1645, R.C.S. Article 1645, R.C.S., as amended, Acts 1949, C. 552, Vernon's Ann.Civ.St. art. 1645, provides:

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over * * * or having a tax valuation of Fifteen Million Dollars ($15,000,000) or over * * * there shall be biennially appointed * * * [a] County Auditor, who shall hold his office for two (2) years and who shall receive as compensation * * *, an annual salary * * * of not more than the annual salary allowed or paid the Assessor and Collector of Taxes in his county, and not

less than the annual salary allowed such County Auditor under the General Law provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940, *such salary of the County Auditor to be fixed and determined by the District Judge * * * making such appointment * * *. The action of said District Judge * * * in determining and fixing the salary of such County Auditor shall be made by order and recorded in the minutes of the District Court of the county, and the Clerk thereof shall certify the same for observance to the Commissioners Court, which shall cause the same to be recorded in its minutes;* after the salary of the County Auditor has been fixed by the District Judge * * * no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. *Provided, however, any increase in the salary of any such County Auditor, over and above the annual salary allowed such County Auditor under the General Law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners Court of the county whose County Auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners Court shall be made by order of such Court and recorded in the minutes of the Commissioners Court of such county.*"

The stipulated facts in this case are that the District Judge fixed the County Auditor's salary at $4,500 for 1953, 1954, 1955 and 1956. The Commissioners Court passed an order "fixing his salary at $3,600 for 1953, $4,000 for 1954 and $4,000 for 1955." It is further stipulated that $3,000 is the salary plaintiff would have been entitled to under Article 1645 as it existed on 1 January 1940.

The question for determination is, does the foregoing Article 1645, as amended,

Acts 1949 sustain the Trial Court in denying plaintiff the relief sought, viz.: mandamus against the Commissioners Court to order him paid the difference in $4,500 and $3,600 for 1953, the difference in $4,500 and $4,000 for 1954, and a declaratory judgment that he was entitled to $4,500 in 1955 and 1956?

We think that it does. It sets out that the County Auditor shall receive not more than is paid the Tax Assessor-Collector nor less than the law of 1 January 1940 would entitle him to (or $3,000); that the District Judge shall fix and determine the County Auditor's salary, *provided however, that any increase over and above the annual salary allowed such County Auditor under the law as it existed 1 January 1940, viz., ($3,000) "shall only be allowed or permitted with the express consent and approval of the Commissioners Court * * * such consent and approval of such Commissioners Court shall be made by order of such Court and recorded in the minutes of the Commissioners Court of such county."*

It is the appellant's earnest contention that the last portion of the above statute, which *provides* that the salary, if set by the District Judge at more than allowed by the law as it existed on 1 January 1940, must have the approval of the Commissioners Court, violates the intended principle and purpose of the statute as expressed in the 1st portion, wherein it is provided that the District Judge shall fix the salary of the County Auditor.

We disagree with Appellant's contention. Article 1645 authorizes the District Judge to appoint the County Auditor. It authorizes the District Judge to set his salary at not more than that received by the Tax Assessor-Collector and not less than the salary provided by the law as it existed on 1 January 1940. The statute then provides that if the District Judge fixes the Auditor's salary at more than the amount provided by the article as it existed on 1 January 1940, that the Commissioners Court must concur. Article 1645 seems clear and unequivocal to us. In this case the District Judge set the Auditor's salary at $4,500 for the year

1953. The Commissioners Court by its action gave *"consent and approval"* to the District Judge's action in fixing the salary only to the extent of $3,600, which, under Article 1645, they had a perfect right to do. The Commissioners Court by its action, for the years 1954 and 1955, gave its *"consent and approval"* to the District Judge's action in fixing the salary, only to the extent of $4,000, which, under Article 1645, they had a perfect right to do. The action taken by the Commissioners Court was not an attempt to fix the salary of the County Auditor, but was in fact a failure to give *"consent and approval"* to the action of the District Judge in fixing the salary over and above $3,600 for 1953, and $4,000 for 1954 and 1955; and was a *"consent and approval"* to the action of the District Judge in setting the Auditor's salary up to $3,600 and $4,000, respectively, for the years affected.

We hold that Article 1645 is neither vague nor conflicting, that it means just what it says, and that when the District Judge sets the salary of a County Auditor at more than the sum prescribed by Article 1645 as it existed on 1 January 1940, that the *"consent and approval"* of the Commissioners Court is necessary. In this case the Commissioners Court expressly refused that *"consent and approval"* for a salary of more than $3,600 for 1953, and for a salary of more than $4,000 for 1954 and 1955. Plaintiff's 1st point is therefore overruled.

Plaintiff's 2nd point contends that Section 1 of Article 3912g, R.C.S., is applicable to the County Auditor.

Article 3912g, Sec. 1, *provides that the Commissioners Court can order an increase in the salaries of county officers up to 25%; provided that they cannot raise the salary of the Commissioners Court without raising the salary of the remaining county officials in like proportion.* The Commissioners Court of Brazos County raised the salary of the Commissioners Court 25% in July 1949. The raise was not made applicable to the County Auditor and plaintiff contends that the County Auditor as a county official should have his salary raised 25% by virtue

of this statute and the action of the Commissioners Court in raising their own salary 25%.

While the County Auditor is a county official, the statute urged is inapplicable to him because the method of creating, determining and controlling the salary of the County Auditor is exclusively and specifically prescribed in Article 1645. The specifically prescribed method must exclude all other methods. See 39 Tex.Jur. 188. Since July 1949, the date of the 25% increase of the salary of the Commissioners Court, the salary of the County Auditor has been fixed and re-fixed under the exclusive method prescribed by Article 1645 for the County Auditor. The Plaintiff's 2nd point is overruled.

From the foregoing it follows that the judgment of the Trial Court is affirmed.