

# The Attorney General of Texas

October 2, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John W. LaGrone
Hutchinson County Attorney
P. O. Box 985
Borger, Texas 79007

Opinion No. H-1251

Re: Salary of county auditor
and assistant county attorney.

Dear Mr. LaGrone:

You ask two questions concerning the setting of salaries to be paid by the commissioners court.

> 1) Does the District Judge of Hutchinson County possess the discretion to set the annual salary of the County Auditor at an annual sum in excess of that being paid by Hutchinson County to the Tax Assessor-Collector?
>
> 2) Do the grievance procedures set out in Vernon's Annotated Civil Statutes, 3912k, Section 2, apply to the Assistant County Attorney of Hutchinson County, Texas?

The statute which governs the appointment and salary of the County Auditor in Hutchinson County is article 1645, V.T.C.S., which states:

> ... there shall be appointed every two years an auditor of accounts and finances, the title of said office to be County Auditor, who shall hold his office for two years and who shall receive as compensation for his services an annual salary from the County General Fund of not more than the amount allowed or paid the Assessor-Collector of Taxes in his county, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment....

See V.T.C.S. art. 3912k, § 7(3) (inapplicable to county auditors).

The statute provides that the district judge may not set the county auditor's salary in excess of that being paid the tax assessor-collector.

In Vitopil v. Ware, 280 S.W.2d 378 (Tex. Civ. App. — Waco 1955, no writ) the court, in construing article 1645, held that the district judge could not set the county auditor's salary at a level in contravention to plain language of the statute. See also Attorney General Opinion H-571 (1975). You suggest that Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. — Amarillo 1971, writ ref'd n.r.e.) may have altered Vitopil; however, the Commissioners Court case was based on a different statute and specifically distinguished the earlier case.

You also ask whether the county attorney may appeal to the grievance committee established by article 3912k, section 2 for an increase in the salary of the assistant county attorney. Article 3912k, section 2(d) provides in part:

> Any elected county or precinct officer who is aggrieved
> by the setting of his salary, expenses, or other allowance by
> the commissioners court may request a hearing before the
> committee.

You suggest that the assistant's salary is an expense or allowance of the county attorney's office which is set by the commissioners court.

Section 1 of article 3912k specifies that the commissioners court "shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds. . . ." (Emphasis added). We believe the underlined portions of section 1 indicate the scope of this term "expenses" for purposes of article 3912k. It includes the outlay of money directly related to the individual officer's compensation. See Letter Advisory No. 89 (1975). The county attorney's "expenses" do not encompass the entire budget of his office including the assistant's salary, but only his expenditures in performing his own duties. We have previously determined that the position of an officer's secretary did not constitute an office expense within article 3912k. Attorney General Opinion H-35 (1973); see Casey v. State, 289 S.W. 428 (Tex. Civ. App. — Texarkana 1926, writ ref'd) ("expenses" does not include the salaries of assistants).

We do not believe the term "allowances" should be construed as broader in scope than "expenses." The "ejusdem generis" rule of statutory construction is applicable to this provision. Where an enumeration of specific things is followed by a more general word, the general word is held to refer to things of the same kind as those specifically named, and is not construed in its widest meaning. Stanford v. Butler, 181 S.W.2d 269 (Tex. 1944); Goldring v. Goldring, 523 S.W.2d 749 (Tex. Civ. App. — Fort Worth 1975, writ ref'd n.r.e.). Like "expenses," we believe "allowances" must be construed to cover the money an officer or employee pays out in performing his own duties. See Letter Advisory No. 89 (1975) (referring to travel

"expense" and "allowance" interchangeably).  We do not believe an officer's "allowance" includes the salary, expenses, and allowances paid to his assistant. Attorney General Opinion H-1238 (1978).  Consequently, the county attorney may not use the grievance procedure established by article 3912k, section 2 to seek a salary increase for his assistant.  See also V.T.C.S. art. 332a; Attorney General Opinions H-922 (1977); H-908 (1976).

## SUMMARY

The District Judge of Hutchinson County may not set the salary of the county auditor at a level higher than that being paid to the tax assessor-collector.  The County Attorney of Hutchinson County may not appeal the salary of the assistant county attorney to the grievance committee established pursuant to article 3912k, section 2, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn