

# The Attorney General of Texas

June 18, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

,1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Frank Blazek
Criminal District Attorney
Walker County Courthouse
1100 University Avenue
Huntsville, Texas    77340

Opinion No. JM-170

Re: Whether a county may re-imburse a commissioner for payment of a traffic fine made on behalf of a county employee

Dear Mr. Blazek:

You have asked whether a county may reimburse an individual commissioner for his out-of-pocket payment to county road equipment operators for the amounts of traffic citations issued to them. Essentially, you inquire whether the county may pay traffic fines on citations issued to individuals and to which the individuals evidently pled guilty or no contest. It is our opinion that the county does not have the authority to pay a traffic or criminal fine for which an individual alone is liable.

We believe it is clear that a single county commissioner cannot bind a county to make this payment. Information supplied to us reveals the following facts: road repairs and maintenance were being done under the direction of the county commissioner. This work required gravel to be hauled. The commissioner employed two county-owned trucks and two independently-contracted vehicles for this purpose. All four of the drivers were issued citations by the Department of Public Safety for excessive weight and inadequate bed, no covering to prevent spilling of the load. See V.T.C.S. art. 6701d-11, §§3A, 5. The driver of one of the vehicles was a county employee; he was issued two citations. All four drivers pled no contest to the various citations (seven in all) for which fines totaling approximately $630.00 were assessed and paid. Subsequently, the county commissioner reimbursed out of his own pocket this amount to the drivers. He now in turn seeks reimbursement from the county.

Pursuant to article 3899(b), V.T.C.S., county officials who receive a salary as compensation for their services are entitled to "all reasonable expenses necessary in the proper and legal conduct" of their offices. The statute explicitly applies to "county road commissioners." Id. After application to the commissioners court for the ensuing month, actual expenses incurred during that month are submitted to the county auditor and commissioners court for approval

and payment if the claim is a "necessary or legal expense." Id. We believe that a county commissioner, acting as ex officio road commissioner, may not claim that he is entitled to reimbursement for his own reimbursement to individuals who were cited with and pled no contest to traffic citations received while engaged in county road work. It was neither a necessary nor a legitimate expenditure of county funds to pay an individual's traffic fine incurred in his personal capacity, when it was not issued against the county itself. See Penal Code §7.21 et seq. (criminal liability of corporations and associations). In short, the county commissioner's reimbursement of traffic fines paid by the four drivers was at his own risk and expense and is not a proper charge on county funds. The expenses incurred for which payment is sought is not the payment of the traffic fines themselves but the reimbursement to others who have paid those fines. This action by the commissioner can in no way inure to the benefit of the county and, in our opinion, is an expense incurred by him in his personal capacity. Cf. Hood v. State, 73 S.W.2d 611 (Tex. Civ. App. - Dallas 1934, writ ref'd) (neither money loaned by sheriff in a personal capacity, nor any interest money paid therein, nor by sheriff in employing attorney was proper expense); Attorney General Opinion O-2951 (1940) (medical expenses incurred by constable injured while weighing vehicles not an expense of office).

### SUMMARY

A county may not reimburse a county commissioner who himself reimbursed county road equipment operators who were issued traffic citations.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

Honorable Frank Blasek - Page 3 (JM-170)

p. 749

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton