ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 18, 2012

The Honorable Chris Martin
Van Zandt County Criminal District Attorney
400 South Buffalo
Canton, Texas 75103

Opinion No. GA-0952

Re: Final authority to set the salary of the official court reporter in the Van Zandt County Court at Law, and to determine whether the position is full-time or part-time (RQ-1039-GA)

Dear Mr. Martin:

You ask who has the final authority to set the salary of the official court reporter in the Van Zandt County Court at Law.[1] You also ask who has the authority to determine whether the position is full-time or part-time. Request Letter at 1.

Your question concerns the county court at law's enabling statute, which provides in part that "[t]he official court reporter of a county court at law is entitled to receive a salary set by the judge of the county court at law with the approval of the commissioners court." TEX. GOV'T CODE ANN. § 25.2362(g) (West Supp. 2011). You indicate that the commissioners court views its authority to "approve" the reporters salary pursuant to section 25.2362 of the Government Code as equivalent to its general fiscal authority to "set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (West 2008); Request Letter at 2–3.

When Texas courts construe a statute, they attempt to give effect to the Legislature's intent as expressed in the plain language of the statute. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). A statutory provision should not be construed in isolation, but instead must be read in the context of the statutory scheme. *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000).

Rather than create a uniform plan for all statutory county court reporters, the Legislature has addressed the compensation of court reporters in the enabling legislation specifically applicable to particular statutory county courts. *See* TEX. GOV'T CODE ANN. ch. 25 ("Statutory County Courts"), subch. C ("Provisions Relating to Particular Counties") (West 2004 & Supp. 2011). For example,

---

[1]*See* Letter from Honorable Chris Martin, Van Zandt Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Jan. 31, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

the statutes governing the compensation of some statutory county court reporters state that the commissioners court sets the salary and do not expressly give the applicable county court at law judge a role. *See id.* §§ 25.0312(g) (Calhoun County Court at Law); 25.0932(k) (County Court at Law No. 2 of Grayson County); 25.1792(k) (Nolan County Court at Law) (West Supp. 2011). For other statutory county courts, the applicable provision states that the judge sets the salary and the commissioners court has a statutory duty to issue an order that effectuates payment of the court reporter. *See id.* §§ 25.1102(f) (Hidalgo County Court at Law); 25.1152(g) (Houston County Court at Law); 25.1762(g) (Nacogdoches County Court at Law). Still other statutes, such as the one applicable to the Van Zandt County Court at Law, provide that the judge sets the reporter's salary with the approval of the county's commissioners court. *See id.* §§ 25.1182(g) (Hunt County Court at Law); 25.1772(g) (Navarro County Court at Law); 25.2362(g) (Van Zandt County Court at Law).

Section 25.2362 requires the judge of the Van Zandt County Court at Law to set the official court reporter's salary and the commissioners court to approve the reporter's salary, which indicates that the court reporter's salary should reflect a collaborative—rather than unilateral—decision. *Id.* § 25.2362(g). The statute's language plainly requires action by both the county court at law judge and the commissioners court but does not indicate the bounds of authority for either the judge or the commissioners court. We are not aware of any judicial opinions that address a substantially similar grant of authority to a judge to set an official court reporter's salary with the commissioners court's approval.[2]

The grant of authority to approve a salary, in itself, suggests that the commissioners court has some discretion to withhold its approval. *See Vitopil v. Ware*, 280 S.W.2d 378, 379–80 (Tex. Civ. App.—Waco 1955, no writ) (concluding a statute requiring the commissioner court's "consent and approval" of salary increases set by a district judge authorized the commissioners court to refuse to give its approval). However, in light of the statutory scheme in chapter 25, subchapter C, we do not believe the Legislature intended to give the Van Zandt County Commissioners Court the authority to disregard the judge's action and unilaterally set the salary of the official statutory county court reporter. Had the Legislature intended the judge or the commissioners court to have the sole authority to determine the reporter's salary, it could have written the statute to say so.

Because the relevant statute does not grant unilateral authority to one entity or the other, we cannot advise you that either the judge or the commissioners court has ultimate, independent authority to establish the county court at law reporter's salary. However, it is virtually impossible

---

[2]Although we have received briefing urging that the authority of either the judge or the commissioners court to establish a court reporter's salary is paramount, none of the cited judicial opinions concerns a grant of authority substantially similar to that in section 25.2362 of the Government Code. *See, e.g., Duncan v. Pogue*, 759 S.W.2d 435, 435 (Tex. 1988) (concerning section 52.051 of the Government Code, generally applicable to district court reporters, which requires commissioners court approval only when the judge orders a pay increase in excess of ten percent); *Comm'rs Court of Caldwell Cnty. v. Criminal Dist. Attorney*, 690 S.W.2d 932, 939 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (concerning authority of the commissioners court to adjust the salary of an assistant "fixed" by the district attorney in the county budgeting process); *Comm'rs Court of Lubbock Cnty. v. Martin*, 471 S.W.2d 100, 107 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.) (concerning the district judge's authority to set probation department personnel salary "with the advice and consent" of the commissioners court).

for a county court at law to function as a court of record without the services of a court reporter. Further, as a judge of a court of record, the Van Zandt County Court at Law judge is required by statute to appoint an official court reporter. TEX. GOV'T CODE ANN. § 52.041 (West 2005). Moreover, the enabling statute for the Van Zandt County Court at Law provides that the official court reporter is "entitled to receive a salary." *Id.* § 25.2362(g) (West Supp. 2011). Thus, in the absence of a clear statutory standard, a reviewing court would likely construe that statute as entitling the court reporter to receive a reasonable salary. *See Vondy v. Comm'rs Court of Uvalde Cnty.*, 620 S.W.2d 104, 108–09 (Tex. 1981) (determining that constitutional provision that a constable holds a salaried position means that the constable is entitled to a reasonable salary). Consequently, regardless of the commissioners court's authority to approve the salary of the official court reporter for the county court at law, a court would likely conclude that the county is required to provide the court reporter with a reasonable salary.

We now consider your second question. You ask whether the county court at law judge or the commissioners court has paramount authority to decide whether the position of official court reporter is to be full- or part-time. Request Letter at 1. First, we observe that the statutes concerning the compensation of county court at law reporters do not distinguish between full- and part-time positions. Some statutes grant a court or commissioners court the option of contracting for a court reporter's services rather than appointing an official court reporter to a salaried position. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 25.0042(h) (giving the judge of Anderson County Court at Law the option of contracting for a reporter's services); 25.1412(g) (granting the judge of the Lamar County Court at Law the option of contracting for a reporter's services); 25.1792(k) (granting the commissioners court for Nolan county the option of contracting for the services of a reporter for the county court at law) (West Supp. 2011). The statute that governs the Van Zandt County Court at Law only authorizes the appointment of an official reporter to a salaried position. *Id.* § 25.2362(g).

Second, an official court reporter appointed by a judge of a county court at law serves at the pleasure of the county court at law judge. TEX. GOV'T CODE ANN. § 52.041 (West 2005). As this office has previously explained, "court reporters serve the judges who appoint them, rather than work traditional 40-hour-per-week jobs; their jobs are described in terms of the tasks or duties to be performed, not the number of required hours." Tex. Att'y Gen. Op. No. GA-0164 (2004) at 7. Because a court reporter serves at the pleasure of the county court at law judge, the reporter's hours of work are largely a matter of the judge's discretion. *Id.*[3] The commissioners court's fiscal authority does not allow it to "second-guess a county officer's use of county employees to accomplish the officer's constitutional or statutory duties." Tex. Att'y Gen. Op. No. JC-0239 (2000) at 5. Accordingly, the Commissioners Court of Van Zandt County does not have the authority to limit the hours of work of the reporter of the Van Zandt County Court at Law.

---

[3]Opinions of this office have observed that the position of official court reporter need not necessarily be full-time because court reporters typically serve as needed by the judge who appoints them rather than work a traditional 40-hour-per week job. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0372 (2005) at 3–4; GA-0164 (2004) at 7; GA-0155 (2004) at 6. No opinion, however, has suggested that any entity other than the judge served by the reporter may determine the reporter's hours of work.

## S U M M A R Y

The judge of the Van Zandt County Court at Law is authorized to appoint an official court reporter and set the reporter's salary with approval of the commissioners court.  The judge of the Van Zandt County Court of Law has exclusive authority to control the official court reporter's hours of work.  Under section 25.2362(g) of the Government Code, neither the judge of the Van Zandt County Court at Law nor the Commissioners Court has exclusive authority to set the salary of the official court reporter.  The Commissioners Court's authority to approve the salary of the County Court at Law court reporter does not include the authority to unilaterally set the reporter's salary.  A reviewing court would likely conclude that Van Zandt County is required to provide the official court reporter for the County Court at Law a reasonable salary.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee